**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ezequiel PERALTA–MORAN,**
**Defendant–Appellant.**

**No. 00–30031.**

**D.C. No. CR–99–30055–1–MRH.**

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted April 9, 2001.[1]

Decided April 18, 2001.

Before CANBY, KOZINSKI and RYMER, Circuit Judges.

## MEMORANDUM[2]

Ezequiel Peralta–Moran appeals the 77–month sentence following a guilty plea con-viction for being found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Medina–Arias contends that the district court erred by enhancing his sentence above the applicable statutory maximum penalty, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on the basis that his prior aggravated felony convictions were neither charged in the indictment nor admitted at his plea. Medina–Arias' contention, however, is foreclosed by our decision in *United States v. Pacheco–Zepeda,* No. 99–50720 (9th Cir.) (concluding that *Apprendi* preserves the rule in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions are sentencing factors and not elements of the offense), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (No. 00–8814). The district court therefore properly considered Medina–Arias' prior aggravated felony convictions in sentencing him. *See Pacheco–Zepeda,* 2000 WL 33156290, at *5.

AFFIRMED.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.